**In re Rainsford J. WINSLOW and Winifred W. Winslow, Debtors.**

**Civ. A. No. 90–K–663.**

**Bankruptcy No. 89–B–247–E.**

United States District Court, D. Colorado.

Feb. 7, 1991.

Rainsford J. Winslow and Winifred W. Winslow, Fort Morgan, Colo., pro se.

Robert J. Dyer, III, Paul G. Urtz, Stutz, Dyer & Miller, Denver, Colo., for Williams Group.

Christina C. Bauer, Asst. County Atty., Brush, Colo., Philip A. Pearlman, Calkins, Kramer, Grimshaw & Harring, P.C., Denver, Colo., E. Ord Wells, Morgan County Atty., Fort Morgan, Colo., for Morgan County.

### ORDER ON MOTION FOR STAY PENDING APPEAL AND MOTION TO RETAIN PROPERTY

KANE, Senior District Judge.

On February 5, 1991, I issued an order affirming the bankruptcy court's judgment converting the Debtors' bankruptcy case from Chapter 11 to Chapter 7. The Debtors have moved for a stay of this order pending their appeal to the Court of Appeals for the Tenth Circuit. Their notice of appeal to the Tenth Circuit was filed on February 5, 1991.[1]

---

1. There is conflicting authority on whether the district court retains jurisdiction to consider a motion for stay pending appeal filed after the movant files its notice of appeal to the Court of

Bankruptcy Rule 8017 governs stays pending appeal of district court or bankruptcy appellate panel judgments in bankruptcy cases. Such judgments are automatically stayed for ten days after their entry unless the district court or bankruptcy appellate panel orders otherwise. *See* Bankr.R. 8017(a). This rule also provides:

> On motion and notice to the parties to the appeal, the district court or the bankruptcy appellate panel may stay its judgment pending an appeal to the court of appeals. The stay shall not extend beyond 30 days after the entry of the judgment of the district court or the bankruptcy appellate panel unless the period is extended for cause shown. If before the expiration of a stay entered pursuant to this subdivision there is an appeal to the court of appeals by the party who obtained the stay, the stay shall continue until final disposition by the court of appeals. A bond or other security may be required as a condition to the grant or continuation of a stay of the judgment.

Bankr.R. 8017(b).

In the few published cases in which a party has moved for a stay under Bankruptcy Rule 8017, courts have followed the same standards applicable under Bankruptcy Rule 8005. Under these cases, in determining whether a stay under Rule 8017(b) is justified, the court should consider " '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent the stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.' " *Brodsky v. Local 282, Int'l Bhd. of Teamsters (In re Marine Pollution Serv.),* 89 B.R. 344, 345 (S.D.N.Y.1988) (citation omitted); *see also Corporacion de Servicios Medicos Hospitalarios de Fajardo v. Izquierdo Mora (In re Corporacion de Servicios Medicos Hospitalarios de Fajardo),* 60 B.R. 935, 936 (D.P.R.1986). *But see In re Miranne,* 94 B.R. 413, 415 (E.D.

La.1988) (rejecting these standards in appeal from money judgment).

I am unable to find in good conscience that the Debtors have made a strong showing that they are likely to succeed on the merits of their appeal to the Tenth Circuit, nor do I believe that a stay pending appeal would be in the public interest. This conclusion is consistent with previous rulings denying the Debtors' motions for stay of the bankruptcy court's ruling pending appeal to this court. *See, e.g.,* Order, filed January 8, 1991; Order Denying Stay Pending Appeal, filed August 14, 1990. The Debtors are advised that they may nevertheless request a stay pending appeal from the Court of Appeals. *See* Fed.R. App.P. 8(a). The motion for stay pending appeal is DENIED.

The Debtors have also filed a motion entitled, "Motion to Permit Winslows to Retain Their Morgan Heights Residence in Fort Morgan and Their Small Apartment in Denver and Their Personal Effects Including Their Automobiles Since All of the Winslows Personal Property Has a Chattel Mortgage on it in Favor of V.J./Margaret Klein." The motion concerns the bankruptcy court's January 17, 1991 order terminating the stay on the Debtors' residence, condominium and personal effects. To my knowledge, the Debtors have not separately appealed the above order. Therefore, I have no jurisdiction to grant the relief requested in the context of this appeal. In addition, with exception of certain postjudgment motions of which this is not one, I no longer have jurisdiction to rule on substantive issues in connection with this appeal. The matter now rests with the Court of Appeals. Consequently, the motion is DENIED.

Appeals. *Compare In re One Westminister Co.,* 74 B.R. 37, 38 (D.Del.1987) (no jurisdiction to consider motion) *with Miranne v. First Fin. Bank (In re Miranne),* 852 F.2d 805, 806 (5th

Cir.1988) (holding that district court has jurisdiction to consider motion). I will follow the most recent appellate decision and consider the motion.