**In re Arnold Ernst HELMS and Elsa Marie Helms, Debtors.**

**Eric C. RAJALA, Trustee, Plaintiff,**

*v.*

**Arnold Ernst HELMS, et al., Defendants.**

**No. 91–4206–R.**

United States District Court, D. Kansas.

June 2, 1992.

Bissessarnath Ramcharan–Maharajh, Topeka, Kan., for debtors.

Louis A. Huber, III, Kansas City, Mo., Frank W. Lipsman, Overland Park, Kan., for Washington Implement Co.

J.B. King, Topeka, Kan., for Ninth Dist. Production Credit Ass'n.

Eric C. Rajala, Overland Park, Kan., pro se.

Calvin J. Karlin, Lawrence, Kan., for Farm Credit Bank of Wichita.

Ray Pierson, Burlington, Kan., for Helms.

Joseph I. Wittman, Topeka, Kan., Trustee.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an appeal from an adversary proceeding in a Chapter 7 bankruptcy. This case is now before the court upon the motion to dismiss of the Farm Credit Bank of Wichita. The bankruptcy trustee, Eric Rajala, joins in the motion. The court has conducted oral argument on the motion. For the reasons discussed below, the court believes the motion should be granted.

This bankruptcy action was originally filed under Chapter 11 by Arnold and Elsa Helms in 1986. The plan was confirmed in 1987 and substantially consummated. Later, however, Arnold and Elsa Helms defaulted on payments due under the plan. The Farm Credit Bank of Wichita received stay relief and proceeded in state court with a foreclosure action in 1989. In February 1989, Arnold Helms had a stroke.[1] Elsa and Lennis Helms now assert that in March 1989, Arnold and Elsa Helms transferred all rights in their property to their son, Lennis Helms, in return for lifetime support. In November 1989, the bankruptcy was converted to a Chapter 7 action. The bankruptcy trustee received the proceeds of the foreclosure action and took other steps to liquidate the property of the Helms. The trustee then initiated this adversary proceeding to determine the rightful owner of the funds. Lennis Helms and Elsa Helms are parties to the adversary proceeding.

---

1. Arnold Helms is now deceased.

The bankruptcy court determined in July 1990 that the funds did not belong to Lennis Helms. In a February 1991 order, the bankruptcy court decided that it did not have jurisdiction over the funds because the property from which the funds came reverted back to Arnold and Elsa Helms when the Chapter 11 plan was confirmed and substantially consummated. In essence, the bankruptcy judge determined that there was no bankruptcy estate under Chapter 7. Ultimately, the bankruptcy judge ordered the trustee to implead the funds in a state court action to determine how the funds should be allocated. Elsa and Lennis Helms asked for reconsideration of this order, but it was denied. They appealed this ruling on August 12, 1991.

■ The record has been designated in this case, but it has not been compiled and delivered to the Clerk of the Court. Consequently, appellate briefs have not been filed in this matter. Elsa and Lennis Helms have filed a motion for stay pending appeal. However, no grounds have been offered to establish some probability of success on appeal. Moreover, no record or appellate memoranda have been available to the court to assess whether a stay is warranted. Accordingly, no stay has been granted by this court.

■ In February 1992, the state district court for Washington County, Kansas issued a journal entry of judgment adjudicating claims upon the proceeds placed with the court by the bankruptcy trustee. As part of the judgment, the court found:

40. It is the conclusion of law of this court that the judgment debtors cannot complain that technically the bankruptcy court acted outside its jurisdiction when it ordered the sale of the personal property sold by the bankruptcy trustee. The conversion of the case to chapter 7 was upon debtors', Arnold and Elsa Helms, motion. Also prior to the sale, a hearing was held at which Arnold and Elsa Helms were represented by their current attorney and Lennis Helms was represented by an independent attorney. Had judgment debtors not converted the case to Chapter 7, the same assets would have been sold by the sheriff of Washington County, Kansas pursuant to a Writ of Execution....

42. It is a conclusion of law of this court that the bankruptcy court has properly determined the matters contained within Lennis Helms' claim filed November 3, 1989 with this court ... The bankruptcy court had jurisdiction of the adversary case under the Chapter 11 case which should have been pending. The bankruptcy court provided Lennis Helms with his procedural due process (notice and hearing) and Lennis Helms is bound by the decision of the bankruptcy court that he has no interest in the proceeds of the sheriff's sale conducted by the sheriff of Washington County, Kansas on November 8, 1989.

Elsa Helms has also appealed the journal entry of judgment issued by the Washington County court. That appeal is pending before the Kansas Court of Appeals. Lennis Helms is attempting to join the appeal. No stay of the judgment has been entered. Money has been paid out in accordance with the judgment.

The Farm Credit Bank of Wichita and the bankruptcy trustee have moved this court to dismiss the appeal of Elsa and Lennis Helms on the grounds of mootness. "When it appears that the thing sought to be prevented has been done and cannot be undone by an order of the court binding the parties before it, the case is moot." *Potomac River Association, Inc. v. Lundeberg Maryland Seamanship School*, 402 F.Supp. 344, 351 (D.Md.1975). See also, *Jones v. Montague*, 194 U.S. 147, 152, 24 S.Ct. 611, 612, 48 L.Ed. 913 (1904).

In this case, the money in question has been apportioned in accordance with the state court order. The money has been paid to the Farm Credit Bank of Wichita and the Washington Implement Company. Some money may remain with the Clerk of the Washington County Court. If this court were to take the action requested by Elsa and Lennis Helms in this case, it would require overruling the order of the Washington County state district court. Of course, this court does not function as an appellate court over the Washington

County district court. We are not empowered to reverse the decisions of state district courts or to decide cases currently before the state appeals court. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1314, 75 L.Ed.2d 206 (1983) ("a United States District Court has no authority to review final judgments of a state court in judicial proceedings."). Moreover, the Helms appear to agree that the bankruptcy court was correct in finding that it did not have jurisdiction over the proceeds in question. It seems contradictory to now suggest that this court should reassert control over the funds. In sum, because the funds in question have been released by the bankruptcy trustee and paid to creditors in accordance with a state court order, the court believes the relief requested by Elsa and Lennis Helms cannot be accomplished by this court and that the case is moot.

■ Even if this case was not moot, we believe the rationale underlying the abstention doctrine advises this court to decline jurisdiction in this appeal. Although this case originally concerned the exclusively federal subject matter of bankruptcy, there no longer appear to be any federal questions which require this court's decision. No exclusively federal issues have been identified in this appeal. Indeed, it is difficult to determine exactly what the grounds for appeal are in this case. If the issue is whether a proper transfer of property was made to Lennis Helms by Arnold and Elsa Helms, then this can be decided by the state courts.

In summary, no reason has been offered why the state courts cannot decide the basic issues which Elsa and Lennis Helms are attempting to raise in this appeal. Therefore, even if this case was not moot, it would be proper to decline jurisdiction since there are ongoing state judicial proceedings involving matters customarily resolved by state courts, and it would conserve judicial resources to permit these state judicial proceedings to resolve the issues present in this case. See *Glover v. City of Portland*, 675 F.Supp. 398, 402 (M.D.Tenn.1987) ("When an action is pending in state court on the same matter as that in federal court ... the district court

is under no compulsion to exercise its jurisdiction where the controversy may be settled more expeditiously in the state court."); *Lemon v. Tucker*, 664 F.Supp. 1143 (N.D.Ill.1987) ("the basic principle of *Younger* is that a federal court should not interfere with a state's interest in enforcing its own laws when the party defending the state enforcement proceeding can obtain all the relief he desires by raising his federal claim as a state defense.").

The motion to dismiss this case is granted.

IT IS SO ORDERED.