**In re KAR DEVELOPMENT ASSOCIATES, L.P.,
Debtor.**

**CITY OF OLATHE, KANSAS, Security Bank of Kansas City, and Alchemedes/Olathe Inn Limited Partnership, Appellants,**

v.

**KAR DEVELOPMENT ASSOCIATES, L.P., Appellee.**

Bankruptcy No. 93–22056–11.
Civ.A. No. 94–2323–GTV.

United States District Court,
D. Kansas.

May 25, 1995.

R. Pete Smith, Jonathan A. Margolies, McDowell, Rice & Smith, P.C., Kansas City, MO, for debtor/appellee.

Mark A. Shaiken, Lucinda S. Woolery, Stinson, Mag & Fizzell, Kansas City, MO, for appellants.

## *MEMORANDUM AND ORDER*

VAN BEBBER, Chief Judge.

This case is before the court on appellants' motion and amended motion for stay pending appeal (Doc. 22 and 26). For the reasons that follow, the motion for stay is denied.

### I. Background

The debtor in this bankruptcy case operates a hotel. To help finance the hotel's construction, the debtor entered into an industrial revenue bond (IRB) transaction, as authorized by Kansas statute, K.S.A. 12–1740 to 12–1749a. Pursuant to the statute, the City of Olathe, Kansas, which issued the IRBs, took legal title to the hotel and real estate on which it is located. In turn, the debtor entered into a lease agreement with Olathe. The debtor failed to pay rent due under the lease, demand for payment was made on the debtor, rent due was accelerated, and the instant bankruptcy ensued.

On November 5, 1993, the appellants filed a joint motion for relief from the automatic stay, pursuant to 11 U.S.C. § 362, in order to evict the debtor and obtain possession of the hotel property. This required the bankruptcy court to address the issue of how IRBs should be treated in the bankruptcy context. The appellants sought a ruling that

the lease was subject to 11 U.S.C. § 365. Section 365 governs the relationship between a landlord and a tenant when the tenant commences a bankruptcy case, and requires that the tenant must assume or reject an unexpired lease within 60 days after the bankruptcy case is filed. The debtor contended that the IRB transaction is a secured transaction rather than a true lease, and that the hotel should remain property of the bankruptcy estate.

The bankruptcy court ultimately sided with the debtor, and appellants appealed the decision to this court. By a Memorandum and Order entered on March 7, 1995, this court affirmed the bankruptcy court's ruling. On March 21, 1995, appellants filed a timely notice of appeal to the Court of Appeals for the Tenth Circuit.

On March 24, 1995, the debtor filed a motion with the bankruptcy court seeking permission to use certain hotel revenues to refurbish and upgrade the hotel property. Appellants filed an objection to the motion with the bankruptcy court on April 11, 1995, and filed the instant motion for stay with this court on April 24, 1995. Appellants seek an order staying the debtor's use of any of the revenues and requiring that the debtor escrow all revenues in an interest-bearing, segregated account, pending resolution of the appeal to the Tenth Circuit.

## II. Analysis

Both sides have cited Fed.R.Bankr.P. 8005 as the basis for the court's authority to grant a stay pending appeal. Rule 8005, however, addresses appeals of bankruptcy court decisions to a district court. The relevant rule governing stays pending appeal of district court judgments in bankruptcy cases is Fed. R.Bankr.P. 8017. This rule provides:

(b) Stay Pending Appeal to the Court of Appeals. On motion and notice to the parties to the appeal, the district court or the bankruptcy appellate panel may stay its judgment pending an appeal to the court of appeals. The stay shall not extend beyond 30 days after the entry of judgment of the district court or the bankruptcy appellate panel unless the period is extended for cause shown. If before the expiration of a stay entered pursuant to this subdivision there is an appeal to the court of appeals by the party who obtained the stay, the stay shall continue until final disposition by the court of appeals.

Fed.R.Bankr.P. 8017(b).

■ Authority is divided over whether a district court or bankruptcy appellate panel may grant a stay after an appeal to the court of appeals has been filed. *Compare In re One Westminister Co., Inc.,* 74 B.R. 37, 38 (D.Del.1987) (no jurisdiction to consider motion for stay) *with In re Miranne,* 852 F.2d 805, 806 (5th Cir.1988) (holding that district court retained jurisdiction to consider motion for stay). In the absence of other authority, this court, like the court in *In re Winslow,* 123 B.R. 647 (D.Colo.1991), will follow the more recent appellate decision and rule on the motion.

■ The test for determining whether to grant a stay pending appeal pursuant to Rule 8017 is the same as that which governs motions made pursuant to Rule 8005. *Winslow,* 123 B.R. at 648. Movants are required to show that (1) they are likely to prevail on the merits of their appeal; (2) without a stay, they will suffer irreparable injury; (3) other interested persons will suffer no substantial harm; and (4) the public interest will not be harmed. *Id.*

■ Appellants have failed to show a likelihood that they will prevail on the merits of the appeal. Appellants have not offered any arguments or authority not previously considered by both this court and the bankruptcy court. In addition, appellants have failed to show that they will suffer irreparable harm in the absence of a stay. The debtor cannot use any hotel revenues without notice to creditors and approval by the bankruptcy court. The appellants are further protected by the constraints the Bankruptcy Code imposes on the use of estate property. Any harm at this point is purely speculative.

For these reasons, and the reasons stated by the bankruptcy court in its August 31, 1994, order, the motion for stay pending appeal is denied. Appellants are advised that they may nevertheless request a stay

pending appeal from the Court of Appeals. Fed.R.App.P. 8(a); Fed.R.Bankr. 8017(c).

IT IS, THEREFORE, BY THE COURT ORDERED that appellants' motion and amended motion (Doc. 22 and 26) for stay pending appeal are denied.

**IT IS SO ORDERED.**