### In re SUNFLOWER RACING, INC., doing business as The Woodlands, Debtor.

### SUNFLOWER RACING, INC., doing business as The Woodlands, and Hollywood Park, Inc., Appellants,

### v.

### MID–CONTINENT RACING & GAMING CO. I; Mid–Continent Racing & Gaming Co. II; Mid–Continent Racing & Gaming Co. III; Bank Midwest, N.A.; FCLT Loans, L.P.; Kansas Racing and Gaming Commission; and Eric C. Rajala, Chapter 7 Trustee, Appellees.

### No. 98–2258–EEO. Bankruptcy No. 96–21187–11.

### United States District Court, D. Kansas.

### June 19, 1998.

---

Jan M. Hamilton, Hamilton, Peterson & Keeshan, Topeka, KS, for Sunflower Racing, Inc.

Jan M. Hamilton, Hamilton, Peterson & Keeshan, Topeka, KS, F. Stannard Lentz, Lentz & Clark, P.A., Overland Park, KS, for Hollywood Park Inc.

Thomas M. Franklin, Boland, McQuain, Block, DeHardt & Rosenbloom, P.C., Kansas City, MO, Mark A. Shaiken, David L. Zeiler, Stinson, Mag & Fizzell, P.C., Kansas City, MO, for Mid–Continent Racing & Gaming Co. I, Mid–Continent Racing & Gaming II and Mid–Continent Racing & Gaming Co. III.

Laurence M. Frazen, Bryan Cave LLP, Kansas City, MO, Mark A. Shaiken, David L. Zeiler, Stinson, Mag & Fizzell, P.C., Kansas City, MO, for Bank Midwest, N.A.

Mark A. Shaiken, David L. Zeiler, Stinson, Mag & Fizzell, P.C., Kansas City, MO, for FCLT Loans, L.P.

F. Stannard Lentz, John J. Cruciani, Lentz & Clark, P.A., Overland Park, KS, for In re Sunflower Racing, Inc.

## MEMORANDUM & ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on the emergency motion of Sunflower Racing, Inc., doing business as The Woodlands ("Debtor") and Hollywood Park, Inc., ("Hollywood Park") for a stay and injunction pending appeal of the bankruptcy court's order of conversion to Chapter 7. Mid–Continent Racing and Gaming Company I, Mid–Continent Racing and Gaming Company II, Mid–Continent Racing and Gaming Company III, Bank Midwest, N.A., and FCLT Loans, L.P., (collectively the "Creditor Group") and the Kansas Racing and Gaming Commission all support the conversion of this case from Chapter 11 to Chapter 7. The Kansas Racing and Gaming Commission and Mr. Rajala have not filed any brief regarding the Appellants' emergency motion for a stay. After careful consideration of the parties' briefs, the court is prepared to rule. For the reasons set forth below, the court will deny Appellants' motion.

## Factual Background

On May 17, 1996, Debtor filed a Chapter 11 bankruptcy petition. Pursuant to 11 U.S.C. § 1121 and a number of orders of the bankruptcy court granting extensions, Debtor had the exclusive right to file a plan of reorganization on or before July 15, 1997. On July 15, Debtor filed its plan of reorganization and disclosure statement. On September 16, 1997, Debtor filed its first amended reorganization plan and disclosure statement. On September 19, Debtor filed its motion to extend the exclusive period to obtain plan confirmation. On September 22, the bankruptcy court ruled that the exclusive period had expired and the Creditor Group could file its own plan.

On October 1, 1997, the Creditor Group filed its motion to permit approval of disclosure statement and dissemination of its plan for voting. Debtor filed an objection to the Creditor Group's motion on October 23. At a hearing on the motion on October 27, the bankruptcy court denied the Creditor Group's motion.

Debtor also filed a second amended reorganization plan and disclosure statement ("Second Amended Plan"). The confirmation hearing on Debtor's Second Amended Plan was held from January 22 through January 29, 1998. On April 8, 1998, the bankruptcy court entered an order denying confirmation of the Second Amended Plan (the "Confirmation Order"). The bankruptcy court directed that the Debtor could not file another confirmation plan. Debtor and Hollywood Park filed a motion for reconsideration of the bankruptcy court's April 8 Order. On May 21, 1998, the bankruptcy court denied the motion for reconsideration. Debtor and Hollywood Park appealed the bankruptcy court's order denying their motion for reconsideration. The appeal of the reconsideration order is pending in a separate proceeding before this court. See In re Sunflower Racing, Inc., 221 B.R. 940 (D.Kan.1998).

On May 27, 1998, the Creditor Group filed a motion to convert this action to a Chapter 7 case (the "Conversion Motion") and a motion

for an expedited hearing on the Conversion Motion. Both motions were served on all parties on that date. On May 28, 1998, the bankruptcy court granted the motion for an expedited hearing on the Conversion Motion and set the hearing for June 4, 1998. Notice of the hearing was served on all parties on May 28, 1998. On May 29, 1998, the Kansas Racing and Gaming Commission filed a pleading in support of the motion to convert this action to a Chapter 7 case. On June 3, 1998, the Appellants filed a motion for continuance of the hearing on the Conversion Motion and a motion to stay the bankruptcy action pending appeal of the Confirmation Order. On June 4, 1998, after a hearing, the bankruptcy court denied Appellants' motion for a continuance and Appellants' motion for a stay pending appeal. At the same hearing, the bankruptcy court granted the Creditor Group's Conversion Motion. The bankruptcy court held that "pursuant to 11 U.S.C. §§ 1112(b)(1), (2), (3), and (5), cause exists to immediately convert this case to a case under Chapter 7 of Title 11." Order of Conversion to Chapter 7 at 1. At the conclusion of the June 4 hearing, the United States Trustee's office appointed Eric C. Rajala as the Chapter 7 bankruptcy trustee. Mr. Rajala has been in control of Debtor's operations since June 4. On June 8, the Appellants filed their notice of appeal of the bankruptcy court's Conversion Order. On June 9, the Appellants filed the instant joint motion for a stay pending appeal of the Conversion Order.

## Analysis

A party aggrieved from a judgment or order of the bankruptcy court can obtain a stay or injunction pending appeal if the party establishes that (1) they are likely to prevail on the merits of their appeal; (2) they will suffer irreparable harm without a stay; (3) other interested persons will not suffer substantial harm with a stay; and (4) the public interest will not be harmed by a stay. *See City of Olathe, Kan. v. KAR Dev. Assocs., L.P. (In re KAR Dev. Assocs., L.P.),* 182 B.R. 870, 872 (D.Kan.1995); *In re Winslow,* 123 B.R. 647, 648 (D.Colo.1991); *see also* Tenth Cir. BAP L.R. 8005–1. For the reasons stated below, we find that the Appel-

lants have failed to meet the first three requirements for the issuance of a stay.

## I. Likelihood of Success.

Appellants argue that they are likely to succeed on appeal of the June 4 Conversion Order because (1) they received less than 20 days notice of the hearing on the Creditor Group's Conversion Motion and (2) the bankruptcy court did not take any evidence at the conversion hearing. With respect to the shortened notice period, a bankruptcy court may shorten the 20 day notice period in its discretion and for cause shown. *See* Fed.R.Bkr.P. 9006(c)(1). We review the bankruptcy court's ruling shortening the time period under rule 9006 for an abuse of discretion. *See State Bank of S. Utah v. Gledhill (In re Gledhill),* 76 F.3d 1070, 1084–85 (10th Cir.1996). Here, the bankruptcy court set the conversion hearing on June 4 (7 days notice) for several reasons: (1) to accommodate counsel for Hollywood Park who indicated that he would be unavailable from June 6 through June 20, (2) all of the necessary information to decide the conversion motion was in the record, and (3) the best interests of the public and creditors would be served by moving the case forward. *See* 6/4/98 Hrg. Tr. at 8, 13, 51, 62. Based on the authorities cited by counsel, the court cannot conclude at this time that Appellants likely will establish that the bankruptcy court abused its discretion by shortening the time period for the conversion hearing. *See In re Mandalay Shores Coop. Housing Ass'n, Inc.,* 63 B.R. 842, 852 (N.D.Ill.1986) (bankruptcy judge had discretion to shorten 20 day notice period where judge had all the information needed to dispose of the motion and case had been pending for a significant time period).

With respect to the bankruptcy court's failure to take evidence at the conversion hearing, Judge Flannagan noted that the case had a long history and that all of the necessary information to decide the Creditor Group's Conversion Motion was contained in the record of the case. *See* 6/4/98 Hrg Tr. at 13, 39. Several courts have noted that a full evidentiary hearing on a conversion or dismissal motion is unnecessary when an adequate factual record already is before the

bankruptcy court. *See A. Illum Hansen v. Tiana Queen Motel, Inc. (In re Tiana Queen Motel, Inc.)*, 749 F.2d 146, 150 (2d Cir.1984), *cert. denied*, 471 U.S. 1138, 105 S.Ct. 2681, 86 L.Ed.2d 699 (1985); *Kates v. Mazzocone (In re Mazzocone)*, 180 B.R. 782, 785–86 (E.D.Pa. 1995) (evidentiary hearing on motion to dismiss or convert is not required in all circumstances); *Coones v. Mutual Life Ins. Co. of N.Y.*, 168 B.R. 247, 258 (D.Wyo.1994) (finding that bankruptcy court is not required to formally review nearly two years worth of fact finding at dismissal hearing), *aff'd*, 56 F.3d 77, 1995 WL 316153 (10th Cir.1995). Accordingly, the court finds that Appellants likely will not prevail on their unsupported assertion that the bankruptcy court must take evidence at a conversion hearing.

Even if the court assumes that the Appellants likely can establish that the abbreviated notice and lack of an evidentiary hearing constitute procedural error, Appellants have not established that any such error was prejudicial. Judge Flannagan cited four reasons for converting the case to Chapter 7, including (1) the continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation of the Debtor; (2) inability of the Debtor to effectuate a plan; (3) unreasonable delay by the Debtor that is prejudicial to creditors; and (4) denial of confirmation of every plan and denial of a request made for additional time for filing another plan or modification of a plan. *See* 11 U.S.C. §§ 1112(b)(1), (2), (3), and (5). The Creditor Group has cited numerous authorities supporting Judge Flannagan's conversion ruling. First, the Creditor Group argues that Debtor's failure to develop a confirmable plan despite three opportunities and over two years is sufficient cause to convert the case to Chapter 7. *See Lumber Exch. Bldg. Ltd. Partnership v. Mutual Life Ins. Co. of N.Y. (In re Lumber Exch. Bldg. Ltd. Partnership)*, 968 F.2d 647, 650 (8th Cir. 1992) (bankruptcy court was free to dismiss or convert case because debtor had failed to present a confirmable plan); *Sullivan Cent. Plaza I, Ltd. v. BancBoston Real Estate Capital Corp. (Matter of Sullivan Cent. Plaza I, Ltd.)*, 935 F.2d 723, 728 (5th Cir.1991) (holding that bankruptcy court was presented with sufficient cause to convert case because debtor failed to develop confirmable plan after 14 months); *In re Winslow*, 123 B.R. 641, 646 (D.Colo.1991) (finding that 15 months and 4 failed attempts by debtor to develop confirmable plan was sufficient cause for conversion); *Koerner v. Colonial Bank (Matter of Koerner)*, 800 F.2d 1358, 1367–68 (5th Cir.1986) (conversion pursuant to 11 U.S.C. §§ 1112(b)(2) and (3) appropriate after the debtor failed to submit confirmable plan over a 16 month period). Next, the Creditor Group points out that there was sufficient record evidence to support Judge Flannagan's conclusion that the estate was losing value which would support conversion of the case to Chapter 7. *See* 11 U.S.C. § 1112(b)(1). Appellants do not address these issues in their emergency motion or reference any specific evidence that they would have presented at the conversion hearing.[1] At this juncture of the appeal and in light of the dearth of authority and argument by Appellants on the issue, we conclude that it is unlikely that Appellants can establish that, absent the alleged procedural errors, there would have been insufficient cause for the bankruptcy court to convert the case to Chapter 7. Accordingly, Appellants have not shown that it is likely that any alleged procedural error by the bankruptcy court was prejudicial.

## II. Potential Of Harm To Appellants Without Stay.

Appellants argue that they are harmed because the result of the confirmation appeal will be meaningless if Mr. Rajala, the Chapter 7 trustee, sells the Debtor's assets in the near future. Appellants cite no authority for the proposition that this is a recognized type of harm sufficient to stay a bankruptcy court's order. Here, Debtor is insolvent and has been unable to develop a confirmable reorganization plan in two years. Therefore,

---

1. Appellants do argue, without any evidentiary reference, that the Woodlands is in a better financial position today than it was one year ago. Even if the court assumes that Appellants have evidentiary support for this conclusion, such evidence would only be relevant to the bankruptcy court's finding under section 1112(b)(1).

Debtor has little standing to allege irreparable harm. *Cf. Norway Nat'l Bank v. Goodwin's Discount Furniture, Inc. (In re Goodwin's Discount Furniture, Inc.),* 16 B.R. 885, 888 (1st Cir. BAP 1982) ("Hopelessly insolvent, this Debtor under the Act would have no standing to appeal orders allowing or disallowing claims or orders pertaining to the disposition of the estate's property because such orders would only serve to increase or decrease the dividend, if any, to the unsecured creditors."). Hollywood Park, the Debtor's sole shareholder, similarly has little standing to allege irreparable harm. *Cf. Powers v. America Honda Fin. Corp.,* 216 B.R. 95, 97 (N.D.N.Y.1997) (noting that it is unclear how debtor's sole shareholder has standing to assert objections to the lifting of an automatic stay). Appellants simply have failed to show that they will suffer any significant harm in the absence of a stay.

### III. Potential Of Harm To Creditors With A Stay.

The Creditor Group has a $30 million claim against the Debtor which has been pending for over two years. Although the creditors have received monthly protection payments of approximately $30,000 since August 1997 pursuant to the bankruptcy court's orders, the creditors clearly will suffer substantial harm by further delay in the collection of their claim. Accordingly, a stay of the Conversion Order is not warranted.

### IV. Potential Of Harm To The Public Interest.

The impact of a stay on the public interest is somewhat uncertain. The Kansas Gaming and Racing Commission, however, supports the conversion of this action to a Chapter 7 case. From the record, it does not appear that the public interest will be significantly impacted either with or without a stay—racing apparently will continue in either case in the short term while the long term prospects of racing and gaming at The Woodlands are uncertain in either case.

IT IS THEREFORE ORDERED that Appellants' emergency motion for stay and injunction pending appeal of the bankruptcy court's order of conversion to Chapter 7 is denied.