**In re SUNFLOWER RACING, INC., doing business as The Woodlands, Debtor.**

**SUNFLOWER RACING, INC., doing business as The Woodlands, and Hollywood Park, Inc., Appellants,**

v.

**MID–CONTINENT RACING & GAMING CO. I; Mid–Continent Racing & Gaming Co. II; Mid–Continent Racing & Gaming Co. III; Bank Midwest, N.A.; and FCLT Loans, L.P., Appellees.**

No. 98–2263–EEO.

Bankruptcy No. 96–21187–11.

United States District Court,
D. Kansas,
Kansas City Division.

July 31, 1998.

---

F. Stannard Lentz, John J. Cruciani, Lentz & Clark, P.A., Overland Park, KS, for Sunflower Racing, Inc.

Jan M. Hamilton, Leon B. Graves, Hamilton, Peterson & Keeshan, Topeka, KS, for Hollywood Park, Inc.

Mark A. Shaiken, David L. Zeiler, Stinson, Mag & Fizzell, P.C., Kansas City, MO, Thomas R. Franklin, Media/Professional Insurance, Inc., Kansas City, MO, Thomas M. Franklin, Wehrman & Colantuono, L.L.C., Kansas City, MO, for Mid–Continent Racing & Gaming Co. I, Mid–Continent Racing & Gaming II, Mid–Continent Racing & Gaming Co. III.

Laurence M. Frazen, Bryan Cave LLP, Kansas City, MO, Mark A. Shaiken, David L. Zeiler, Stinson, Mag & Fizzell, P.C., Kansas City, MO, for Bank Midwest, N.A.

Mark A. Shaiken, David L. Zeiler, Stinson, Mag & Fizzell, P.C. Kansas City, MO, for FCLT Loans, L.P.

Dale L. Somers, Wright, Henson, Somers, Sebelius, Clark & Baker, LLP, Topeka, KS, for Kansas Racing & Gaming Commission.

F. Stannard Lentz, John J. Cruciani, Lentz & Clark, P.A., Overland Park, KS, for In re Sunflower Racing, Inc.

### MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on the motion of Sunflower Racing, Inc., doing business as The Woodlands ("Debtor"), and Hollywood Park, Inc., for a stay of all bankruptcy proceedings pending appeal of the bankruptcy court's order denying confirmation of Debtor's reorganization plan (Doc. # 2). After careful consideration of the parties' briefs, the court is prepared to rule. For the reasons set forth below, the court will deny Appellants' motion.

The factual background of this matter is set forth in the court's June 19, 1998 Memorandum and Order in *In re Sunflower Racing, Inc.*, 221 B.R. 940, 941–42 (D.Kan.1998), and is incorporated by reference.

### Analysis

■ A party aggrieved from a judgment or order of the bankruptcy court can obtain a stay or injunction pending appeal if the party establishes that (1) they are likely to prevail on the merits of their appeal; (2) they will suffer irreparable harm without a stay; (3) other interested persons will not suffer substantial harm with a stay; and (4) the public interest will not be harmed by a stay. *See City of Olathe, Kan. v. KAR Dev. Assocs., L.P. (In re KAR Dev. Assocs., L.P.),* 182 B.R. 870, 872 (D.Kan.1995); *In re Winslow,* 123 B.R. 647, 648 (D.Colo.1991); *see also* Tenth Cir. BAP L.R. 8005–1. As explained below, Appellants have not established the first three requirements. Accordingly, the court need not address the fourth requirement.

### I. Likelihood Of Success.

■ Appellants have made a very meager attempt to establish that they are likely to prevail on the merits of their appeal. Indeed, Appellants even take issue with Appel-

lees' "attempt[ ] to argue most of the issues on appeal." Joint Reply (Doc. # 13) at 2. Appellants summarily argue in a total of two sentences that they *anticipate* and are *confident* that the appellate court will rule in their favor on the issues of "lien stripping," the treatment of the Letters of Credit as secured claims, negative amortization, the appropriate contract rate of interest, the feasibility of the reorganization plan under the Bankruptcy Code, the new value exception to the absolute priority rule, and whether the reorganization plan provides an adequate reduction in principal to the Creditor Group during the "gap period" of the Plan. Joint Motion For Stay Pending Appeal at 5.[1] Appellants apparently assume either that (1) the court will independently analyze and research all of the above issues without any factual references or legal argument or (2) the court will give deference to Appellants' "belief" that they will prevail on each of these issues. In either case, Appellants' assumption is incorrect. Appellants, as they themselves concede, bear the burden of establishing that they are likely to prevail on the merits of their appeal. *See KAR,* 182 B.R. at 872; *see also* Joint Motion at 4. In the absence of any argument or authority provided in support of Appellants' belief of success on the merits, the court must deny Appellants' motion for a stay. *See KAR,* 182 B.R. at 872; *Rajala v. Helms (In re Helms),* 142 B.R. 964, 966 (D.Kan.1992).

### II. Potential Of Harm To Appellants Without Stay.

■ Appellants argue that they are harmed without a stay because the result of their appeal may be meaningless if Mr. Rajala, the Chapter 7 trustee, sells the Debtor's assets in the near future. In its reply brief, Appellants cite several cases from the Southern District of New York in which the court held that the threat of irreparable injury is established where an appeal will be moot absent a stay. *See In re St. Johnsbury Trucking Co., Inc.,* 185 B.R. 687, 690 (S.D.N.Y.1995); *In re Advanced Mining Systems, Inc.,* 173 B.R. 467, 468 (S.D.N.Y.

---

1. Appellants refer even more generally to the likelihood of success in their reply brief. Appellants argue only that most of the issues presented on appeal are questions of law subject to de novo review. *See* Joint Reply at 4.

1994). Several courts, however, have held that the fact that an appeal may be rendered moot without a stay does not itself constitute irreparable harm. *See In re Ba–Mak Gaming Intl., Inc.,* Civ.A.No. 95–1991, 1996 WL 411610, at *2 (E.D.La.1996); *In re 203 North LaSalle St. Partnership,* 190 B.R. 595, 597 (N.D.Ill.1995); *In re Fairmont Communications Corp.,* No. 92B44861 (JLG), 1993 WL 428710, at *3 (Bankr.S.D.N.Y.1993); *In re Moreau,* 135 B.R. 209, 215 (N.D.N.Y.1992); *In re Kent,* 145 B.R. 843, 844 (Bankr.E.D.Va. 1991); *In re Public Serv. Co. of New Hampshire,* 116 B.R. 347, 349–50 (Bankr.D.N.H. 1990); *In re Dakota Rail, Inc.,* 111 B.R. 818, 821 (Bankr.D.Minn.1990); *In re Charter Co.,* 72 B.R. 70, 72 (Bankr.M.D.Fla.1987); *In re Great Barrington Fair & Amusement, Inc.,* 53 B.R. 237, 240 (Bankr.D.Mass.1985); *In re Baldwin United Corp.,* 45 B.R. 385, 386 (Bankr.S.D.Ohio 1984). We recognize that the likelihood that an appeal may be moot in the absence of a stay is an important factor in evaluating the potential harm to the Appellants.[2] This factor should be evaluated with all of the relevant circumstances of each case. Here, Debtor is insolvent and has been unable to develop a confirmable reorganization plan in two years. Accordingly, it is unclear exactly what debtor has to lose in a sale by the trustee. Debtor has not presented any information to the court to show that it would be in any better financial position under its proposed reorganization plan rather than a liquidation of its assets. Appellants simply have failed to show that they will suffer any significant harm in the absence of a stay.

### III. Potential Harm To Creditors.

We also find that a stay in this case is inappropriate because of the potential harm to the creditors with a stay. The Creditor Group has a $30 million claim against the Debtor which has been pending for over two years. Although the creditors have received monthly protection payments of approximately $30,000 since August 1997 pursuant to the bankruptcy court's orders, the creditors clearly will suffer substantial harm by fur-

ther delay in the collection of their claim. Accordingly, a stay of the bankruptcy proceedings pending appeal is not warranted.

IT IS THEREFORE ORDERED that the joint motion of Sunflower Racing, Inc., doing business as The Woodlands, and Hollywood Park, Inc., for a stay pending appeal of the bankruptcy court's order denying confirmation of Debtor's reorganization plan (Doc. # 2) is denied.

---

**2.** Even if the court assumes that the potential mootness of the appeal alone constitutes irreparable harm to Appellants, Appellants have not shown a likelihood of success on the merits of the appeal or an absence of harm to the creditors with a stay.