**In re JOHN RICHARDS HOMES BUILDING COMPANY, L.L.C., Debtor.**

**Kevin Adell, Appellant,**

v.

**John Richards Homes Building Company, L.L.C., Appellee.**

Bankruptcy No. 02–54689.

Civ. No. 03–40109.

United States District Court, E.D. Michigan, Southern Division.

Jan. 31, 2005.

Stuart A. Gold, Gold & Lange, Southfield, MI, for Adell Broadcasting Corporation, Movant.

### ORDER DENYING APPELLANT'S MOTION FOR STAY PENDING APPEAL AND DENYING APPROVAL OF FORM OF SUPERSEDEAS BOND

GADOLA, District Judge.

Before the Court is "Appellant Kevin Adell's Emergency Motion for Stay Pending Appeal and Approval of Form of Supersedeas Bond," filed with this Court on November 9, 2004. The motion seeks a stay of both the April 25, 2003, judgment of the United States Bankruptcy Court for the Eastern District of Michigan against Mr. Adell and this Court's August 5, 2004, opinion and order affirming the decision of the bankruptcy court. The April 25, 2003, bankruptcy judgment awarded $6,413,230.68 to Appellee John Richards Homes Building Company, L.L.C. ("JRH") for Mr. Adell's bad faith filing of an involuntary bankruptcy petition against JRH.

On November 17, 2004, Mr. Adell filed a similar motion with the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit denied the motion on December 3, 2003, holding that there was no need for an immediate ruling by the

Sixth Circuit, because this Court is in a better position to address the issue of an appropriate bond. For the following reasons, this Court now denies Mr. Adell's motion.

## I. Background

After the entry of the April 25, 2003 bankruptcy judgment, Mr. Adell liquidated his Michigan assets to purchase a $2.8 million Florida mansion. His hope was that Florida's homestead exemption would shelter him from the $6.4 million bankruptcy judgment. *See In re John Richards Homes Building Co., L.L.C.,* 298 B.R. 591 (Bankr.E.D.Mich.2003). On May 21, 2003, JRH filed a motion for miscellaneous post-judgment relief with the bankruptcy court, seeking its aid in collecting on the bankruptcy judgment. The bankruptcy court ordered the sale of the Florida mansion based on a finding that Mr. Adell was not entitled to the homestead exemption. The bankruptcy court was justified by "Adell's flagrant disregard of both the judicial process and his obligations to JRH." *Id.* at 609. On Mr. Adell's motion, this Court granted a stay of the bankruptcy court's order for the sale of the mansion, provided that Mr. Adell post a $2.8 million bond. *See* Order Granting Stay Pending Appeal, No. 03–40245 (Nov. 10, 2003). Instead of posting the bond, Mr. Adell filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Middle District of Florida, on November 14, 2003. *See* Suggestion of Bankruptcy, No. 03–40109 (Nov. 19, 2003). The Florida Bankruptcy Court, however, found that Mr. Adell's "primary and sole goal" in seeking the bankruptcy relief was "to hold John Richards at bay as long as possible," and "the legal expenses he incurred so far [in seeking bankruptcy] would have been almost sufficient to pay for the appeal bond." Def. Resp., Ex. 5, p. 16–17. With the automatic stay provided by the Florida

Chapter 11 proceedings about to expire, Mr. Adell filed his "Emergency Motion for Stay Pending Appeal and Approval of Form of Supersedeas Bond."

## II. Analysis

At the outset, it is first necessary to address Appellee JRH's "Motion for Leave to Submit Surreply Memorandum," filed on November 19, 2004. It is within the discretion of the Court to grant the relief requested in JRH's motion. *See* E.D. Local R. 1.2. JRH has shown good cause as to why additional briefing on the relevant facts and applicable law is beneficial. Therefore, in order to more fully adjudicate the matter, the Court will grant JRH's motion for leave to submit a surreply. Also, because Mr. Adell's response to JRH's motion, and JRH's reply to that response, are dedicated primarily to the merits of Mr. Adell's motion for a stay and supersedeas bond, the Court will consider these along with JRH's surreply. Accordingly, all three filings have been considered in the determination of Mr. Adell's motion for stay and supersedeas bond.

■ Regarding the motion for a stay and supersedeas bond, Mr. Adell argues that Federal Rule of Civil Procedure 62(d) provides him with a stay as a matter of right, because he is seeking a stay of a money judgment. Were this an adversary proceeding, then Bankruptcy Rule 7062 would necessitate the application of Rule 62(d). However, Bankruptcy Rule 7001 enumerates the various proceedings considered to be adversary proceedings; the matter before the Court, JRH's motion for attorney's fees and damages following Mr. Adell's bad faith filing of an involuntary bankruptcy proceeding, is not one of them. *See* B.R. 7001. Ironically, Mr. Adell conceded this fact in an earlier brief to the bankruptcy court. *See* Def. Surreply, Ex.

1. Rule 7062, then, does not apply and, consequently, neither does rule 62(d).

■ Instead, as here, "[s]tays pending appeal from an intermediate appellate tribunal are governed by Bankruptcy Rule 8017." *In re Sunset Sales, Inc.*, 195 F.3d 568, 571 (10th Cir.1999). "The relevant rule governing stays pending appeal of district court judgments in bankruptcy cases is Fed. R. Bankr.P. 8017." *In re KAR Dev. Assocs., L.P.*, 182 B.R. 870, 872 (D.Kan.1995). Subdivision (b) of Rule 8017 provides that "[o]n motion and notice to the parties to the appeal, the district court or the bankruptcy appellate panel **may** stay its judgment pending an appeal to the court of appeals." B.R. 8017(b) (emphasis added). Furthermore, "subdivision (b) gives the district courts ... the same authority that Fed. R.App. P. 41(b) gives the circuit courts to stay their judgments pending appeal, thereby indicating that the stay provisions of Bankruptcy Rule 8017(b) are modeled after those governing circuit courts, rather than those governing district courts." *Sunset Sales*, 195 F.3d at 571. As such, "[m]ovants are required to show that (1) they are likely to prevail on the merits of their appeal; (2) without a stay, they will suffer irreparable injury; (3) other interested persons will suffer no substantial harm; and (4) the public interest will not be harmed." *KAR Dev. Assocs.*, 182 B.R. at 872. Because "[t]he test for determining whether to grant a stay pending appeal pursuant to Rule 8017 is the same as that which governs motions made pursuant to Rule 8005," *Id.*, "the party seeking the stay must establish all of the elements set forth above." *In re Lykes Bros. Steamship Co., Inc.*, 221 B.R. 881, 884 (Bankr.M.D.Fla.1997). Thus, "[t]he 'failure to satisfy one prong of the standard for granting a stay pending appeal dooms [such a] motion.'" *Id.*

(quoting *Green Point v. Treston*, 188 B.R. 9, 12 (S.D.N.Y.1995)).

■ After fully reviewing the filings in this matter, the Court concludes that Mr. Adell has not met the requirements to obtain the stay he seeks. Mr. Adell has not demonstrated a likelihood of success on appeal; his abuse of the involuntary bankruptcy process was indeed "unprecedented." *In re John Richards Homes Building Co., L.L.C.*, 312 B.R. 849, 866 (E.D.Mich.2004)(Gadola, J.). Moreover, Mr. Adell has demonstrated neither that the public interest will escape harm, nor that other interested parties will avoid substantial harm, if the stay is granted. To the contrary, Mr. Adell's past and present manipulations of the judicial system are inimical to the public interest and continue to exacerbate JRH's injury by making recovery unjustifiably expensive and prolonged.

## III. Conclusion

**ACCORDINGLY, IT IS HEREBY ORDERED** that Appellant's "Emergency Motion for Stay Pending Appeal and Approval of Form of Supersedeas Bond" [docket entry 26] is **DENIED**.

**IT IS FURTHER ORDERED** that Appellee's "Motion for Leave to Submit Surreply Memorandum" [docket entry 31] is **GRANTED**.

**SO ORDERED.**