In re CORPORACION DE SERVICIOS MEDICOS HOSPITALARIOS DE FAJARDO, Debtor.

CORPORACION DE SERVICIOS MEDICOS HOSPITALARIOS DE FAJARDO, Plaintiff/Appellee,

v.

Hon. Luis IZQUIERDO MORA, representing the Department of Health, Defendant/Appellant.

CORPORACION DE SERVICIOS MEDICOS HOSPITALARIOS DE FAJARDO,

v.

DEPARTMENT OF HEALTH OF the COMMONWEALTH OF PUERTO RICO.

CORPORACION DE SERVICIOS MEDICOS HOSPITALARIOS DE FAJARDO, Petitioner/Appellant,

v.

Hon. Luis IZQUIERDO MORA, representing the Department of Health, Respondent/Appellee.

CORPORACION DE SERVICIOS MEDICOS HOSPITALARIOS DE FAJARDO, Petitioner/Appellee,

v.

Hon. Luis IZQUIERDO MORA, representing the Department of Health, Respondent/Appellant.

Civ. Nos. 85–2029 (JAF), 86–0363 (JAF) and 86–0364 (JAF).
Misc. No. 86–0030 (JAF).
Bankruptcy No. 85–553(B).
Adv. No. 85–229.

United States District Court, D. Puerto Rico.

April 25, 1986.

María Luisa Contreras, San Juan, P.R., for petitioner/appellant.

Virgilio Méndez Custas, Río Piedras, P.R., for respondent/appellee.

## ORDER

FUSTE, District Judge.

On April 23, 1986, at 4:33 P.M., the Secretary of Health of the Commonwealth of Puerto Rico filed before this Court a Motion for Stay Pending Appeal.[1]

As directed by the Court of Appeals, a petitioner must first seek from the district court a ruling on a motion for stay pending appeal. Fed.R.App.P. 8(a), Fed.R.Civ.P. 62. The Advisory Committee Notes to Rule 8(a) contemplate that since the district court has considered the case on its merits, it is most familiar with the record. Therefore, with some exceptions, the district court should initially "exercise the nice discretion" necessary for weighing the equities of a motion for stay pending appeal. *Cumberland Tel. & Tel. v. Louisiana Public*

---

1. The motion states that the United States Court of Appeals for the First Circuit declined to consider such a petition unless passed upon by the district court beforehand.

*Service Com'n,* 260 U.S. 212, 219, 43 S.Ct. 75, 77, 67 L.Ed.2d 217 (1922). The Department of Health seems to ignore the significant judicial purpose behind this rule. It is apparent that the Department seeks a *pro forma* denial of its motion. To that effect, they state:

> [A]n immediate decision by this court is necessary to safeguard all the interests involved in this case and to permit the Court of Appeals to consider the merits of the Motion for Stay Pending Appeal filed in that court. (Emphasis supplied). Motion filed April 23, 1986 at 2.

This Court does not favor a petition to act *pro forma,* inasmuch as courts should not act on that basis. In any event, and to put the Court of Appeals in a position to pass upon this matter, we now dispose of the request filed in this Court.

The petition for a stay filed before us is a two-page document which cites no authorities and fails to advance new grounds upon which we can rely to consider the requested relief. Petitioners simply incorporate by reference their consolidated brief of March 20, 1986, filed before this Court, which brief we carefully considered in reaching our decision of April 15, 1986. In support of its petition, the Department subsequently filed on April 24, 1986, at 2:00 P.M., an informative motion. There, the Department indicates that a courtesy copy of filings before the Court of Appeals on the subject of the stay were left in chambers. These briefs were not filed in the record of this case and, therefore, petitioner failed to comply with Local Rule 112 ("Communication with the Court"), which provides that *"[a]ll* matters submitted to the court for consideration in cases pending before the court shall be presented in motion form and *are to be filed* with the Clerk's Office...." (Emphasis ours). Our view is that the Department has failed to meet the burden of bringing forward convincing arguments to the effect that it has a strong case on appeal. Most important, a denial of the stay will not cause irreparable harm and injury to the interests of the community which the hospital serves. We have or-

dered a closely-supervised transition of the hospital premises under the supervision of the bankruptcy judge. The turnover of the hospital was contingent upon the debtor Corporación's submission to the bankruptcy court of an acceptable plan of assumption of the business operation. Further, our denial of a stay will not render moot the Department's right to appellate judicial review. This is not a case where the "status quo could never be restored." *Providence Journal v. Federal Bureau of Investigation,* 595 F.2d 889, 890 (1st Cir. 1979). As stated in our Opinion and Order of April 15 (D.P.R.1986), our determination duly protected the Department's position. To that effect:

> [T]he bankruptcy court will have jurisdiction to entertain any future petition by any interested party, including the Department, as it relates to the contract in the event that the status of the debtor so warrants. 28 U.S.C. Sec. 157(b)(2)(B), (E), (G), (L), and (O). In other words, this determination is without prejudice of the rights of *any* party which is within the spirit and content of the Bankruptcy Code. *Id.* at 33.

The Department's conclusory allegations of public injury cannot outweigh the federally-protected bankruptcy interest afforded a debtor in effectuating its business reorganization. *Martínez Rodríguez v. Jiménez,* 537 F.2d 1, 2 (1st Cir.1976). Because the equities of this case strongly favor Corporación, the Department's request for a stay is DENIED. *Ramsdell v. G.H. Coffey Company, Inc.,* 632 F.2d 162, 163 (1st Cir.1980).

IT IS SO ORDERED.