**In re ONE WESTMINISTER CO., INC., Debtor.**

**Civ. A. No. 85–683 MMS.**

United States District Court, D. Delaware.

May 18, 1987.

William Kuntz III, pro se.

Samuel V. Abramo, Wilmington, Del., for One Westminster Co.

Peter J. Walsh, Wilmington, Del., Trustee.

Eduard F. von Wettberg, Wilmington, Del., for City of Dayton, Ohio.

Hugh Leonard, Newark, N.J., U.S. Trustee.

---

## OPINION

MURRAY M. SCHWARTZ, Chief Judge.

On November 12, 1986, this Court dismissed the appeal of appellant William Kuntz, III, from the order of the Bankruptcy Court. Docket Item ("Dkt.") 19. Appellant's motion for an amendment of judgment, Dkt. 21, was denied on November 25, 1986. Dkt. 23. On December 12, 1986, appellant filed a notice of appeal from this Court's November 12, 1986 order to the Court of Appeals for the Third Circuit. Dkt. 26. Almost three months later, on March 2, 1987, appellant moved this Court for a stay pending the judgment of the Court of Appeals. Dkt. 29.

Bankruptcy Rule 8017(b) provides in relevant part:

> On motion and notice to the parties to the appeal, the district court or the bankruptcy appellate panel may stay its judgment pending an appeal to the court of appeals. The stay shall not extend beyond 30 days after the entry of the judgment of the district court or the bankruptcy appellate panel unless the period is extended for cause shown. If before the expiration of a stay entered pursuant to this subdivision there is an appeal to the court of appeals by the party who obtained the stay, the stay shall continue until final disposition by the court of appeals.

The Rule plainly contemplates the grant of a stay by the district court or bankruptcy appellate panel only in the period before an appeal is taken to the court of appeals. Because appellant did not move this Court for a stay pending appeal before filing an appeal to the Third Circuit Court of Appeals, I hold that this Court is without jurisdiction to entertain the motion.

In addition to Rule 8017, practical considerations compel this result. District courts cannot properly evaluate a motion for a stay pending appeal in cases such as this, where an appeal has been filed and the full record of the proceedings already transferred from the district court's files to the court of appeals. Instead, Rule 8017(c) suggests that the power to stay proceedings once an appeal is taken rests with the appellate court:

> This rule does not limit the power of a court of appeals or any judge thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered.

For the foregoing reasons, appellant's motion for a stay pending appeal will be denied for lack of jurisdiction.