**In re Edmond G. MIRANNE Sr., Debtor.**

**Bankruptcy No. 84–2143–THK. Civ. A. No. 88–1481.**

United States District Court, E.D. Louisiana.

July 27, 1988.

Edmond G. Miranne, Jr., New Orleans, La., for Edmond G. Miranne, Sr.

Shushan, Meyer, Jackson, McPherson & Herzog, Betty F. Mullin, Donald A. Meyer, New Orleans, La., for First Financial Bank.

Chaffe, McCall, Phillips, Toler & Sarpy, Marc G. Shachat, New Orleans, La., for Bernice Dohm.

## ORDER

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on the ex parte [1] motion of debtor/appellant Edmond G. Miranne Sr. for stay [of this Court's judgment entered June 10, 1988 and the Bankruptcy Court's order of March 14, 1988] pending appeal.

Miranne appealed to this Court from the Bankruptcy Court's order of March 14, 1988 that, among other things, granted a joint motion of First Financial Bank, F.S.B. and Mrs. Bernice Dohm to withdraw funds (viz., the sum of $400,000 plus interest accrued from date of deposit) held in the Bankruptcy Court's registry. After a hearing, this Court affirmed the Bankrupt-

---

**1.** While the motion does not indicate whether opposing counsel consent or not to the motion, the Court finds it unnecessary to postpone rul-

ing on the motion in order to determine whether they oppose the motion.

cy Court's order and remanded the matter to the Bankruptcy Court so that the Bank and Mrs. Dohm might withdraw these funds. 87 B.R. 897. This Court entered final judgment on June 10, 1988. With the exception of the instant motion, no post-judgment motions have been filed in this matter. On July 11, 1988, Miranne filed a timely appeal.[2] He now moves this Court to stay its judgment and the Bankruptcy Court's order pending his appeal before the Fifth Circuit.

Miranne has filed his stay motion too late. Once he filed his timely notice of appeal, this Court lost any jurisdiction to consider his motion. *In re One Westminister Co.*, 74 B.R. 37 (D.Del.1987); *see* Bankr.R. 8017; *cf.* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2821, at 136 & n. 11 (1973) ("If a notice of appeal is given, the subsequent filing of a motion for a new trial, even if otherwise timely, is ineffective because jurisdiction of the case is no longer in the district court."). The proper procedure would have been first to move for a stay and only then to file a notice of appeal.

Because the Bank's and Mrs. Dohm's interests appear to be adequately protected inasmuch as the funds at issue are presently being held by the Bankruptcy Court in an interest-bearing account, this Court would have been inclined to grant the stay, had it been timely—even though for the reasons given in its earlier Opinion this Court still disagrees with Miranne's position. Now, however, Miranne must instead direct his request to the Fifth Circuit or to a judge thereof. *See* Bankr.R. 8017(b), F.R.App.P. 8(a).

Accordingly, the Court DISMISSES Miranne's motion for lack of jurisdiction.

**2.** Because July 10, 1988 (which is 30 days after the entry of this Court's judgment, *see* F.R.App. P. 4(a)(1)) fell on a Sunday, the time limit for an appeal was automatically extended to Monday, July 11, 1988 in accordance with F.R.App. P. 26(a).