In re **IMPERIAL REAL ESTATE CORPORATION, Debtor.**

**Michael Mastro and Jane Doe Mastro, Appellants,**

**v.**

**James Rigby, in his capacity as Chapter 7 Trustee of the estate of Imperial Real Estate Corporation, Appellee.**

**BAP No. WW–98–1524–McMeP.**
**Bankruptcy No. 96–00065.**
**Adversary No. 97–17038.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Appeal Argued and Submitted Dec. 4, 1998.

Memorandum Decided Jan. 6, 1999.

Order Decided April 27, 1999.

Bernard G. Lanz, The Lanz Firm, P.S., Seattle, WA, for Michael R. Mastro.

Edmund J. Wood, Wood & Jones, P.S., Seattle, WA, for James Rigby, trustee.

Before: McMANUS,[1] MEYERS, and PERRIS, Bankruptcy Judges.

### ORDER ON MOTION FOR STAY

On July 28, 1998, Michael Mastro ("the Appellant") filed a notice of appeal from a bankruptcy court order granting summary judgment in favor of the chapter 7 trustee, James Rigby ("the Appellee"). The bankruptcy court concluded that $220,000.00 of a real estate commission transferred by the former debtor-in-possession to the Appellant was an unauthorized post-petition transfer of property of the estate.

The Appellant posted a $300,000.00 supersedeas bond and appealed to the Bankruptcy Appellate Panel. The Appellant

and the Appellee executed a Stipulation For and Order Approving Bond and Certifying Judgment as Final Under [Fed. R.Civ.P.] 54(b) ("the Stipulation Pursuant to Bond").

The Panel affirmed the bankruptcy court's order in a memorandum decision filed on January 6, 1999. On or about February 2, 1999, the Appellant filed a notice of appeal with the Ninth Circuit Court of Appeals.

On April 1, 1999, the Appellee filed a motion with the bankruptcy court to compel payment on the bond. On April 16, 1999, Judge Overstreet heard the motion but continued the hearing to April 30, 1999. There is neither a written order nor a transcript of that hearing available to the Panel. The parties agree, however, that the hearing was continued to permit the Appellant time to seek a stay from the Panel pursuant to Fed.R.Bankr.P. 8017.

Rule 8017 provides in part:

(a) Judgments of the district court or the bankruptcy appellate panel are stayed until the expiration of 10 days after entry, unless otherwise ordered by the district court or the bankruptcy appellate panel.

(b) On motion and notice to the parties to the appeal, the district court or the bankruptcy appellate panel may stay its judgment pending an appeal to the court of appeals. The stay shall not extend beyond 30 days after the entry of the judgment of the district court or the bankruptcy appellate panel unless the period is extended for cause shown. If before the expiration of a stay entered pursuant to this subdivision there is an appeal to the court of appeals by the party who obtained the stay, the stay shall continue until final disposition by the court of appeals. A bond or other security may be required as a condition to the grant or continuation of a stay of the judgment. A bond or other security may be required if a trustee obtains a

---

**1.** Honorable Michael S. McManus, Bankruptcy Judge for the Eastern District of California, sitting by designation.

stay but a bond or security shall not be required if a stay is obtained by the United States or an officer or agency thereof or at the direction of any department of the Government of the United States.

The automatic 10-day stay imposed by Rule 8017(a) expired on January 17, 1999. The Appellant did not seek a stay from the Panel pursuant to Rule 8017(b) before he filed his notice of his appeal to the court of appeals. He now seeks a stay, but after filing his notice of appeal.

Rule 8017(b) permits the Panel to stay its judgment pending an appeal to the court of appeals. This stay, absent good cause shown, may not extend beyond 30 days after entry of the judgment. However, if an appeal to the circuit is filed, the stay continues until the court of appeals disposes of the matter.

There is a split of authority concerning whether a district court or bankruptcy appellate panel may grant a stay after an appeal has been taken to the circuit. In *Miranne v. First Financial Bank (In re Miranne)*, 852 F.2d 805 (5th Cir.1988), *overruling*, 93 B.R. 925 (E.D.La.1988), the court concluded that a district court, after disposing of an appeal from a bankruptcy court order, retains jurisdiction to grant a stay pending appeal despite the filing of a notice of appeal to the court of appeals before the request for the stay. *Accord City of Olathe v. KAR Development Assocs. (In re KAR Development Assocs.)*, 182 B.R. 870, 872 (D.Kan.1995); *In re Winslow*, 123 B.R. 647, 647–48 n. 1 (D.Colo.1991).

The district court in *In re One Westminister Co., Inc.*, 74 B.R. 37, 38 (D.Del.1987), came to the opposite conclusion. It held that Rule 8017(b) "plainly contemplates the grant of a stay by the district court or bankruptcy appellate panel only in the period before an appeal is taken." *See also* 10 *Collier on Bankruptcy*, "Stay of Judgment," ¶ 8017.02, p. 8017–2 (15th rev. ed. 1999) ("The district court or appellate panel may only grant the stay if an appeal has not yet been taken.").

The Panel concludes that it may rule on the motion for a stay despite the earlier filing of the notice of appeal. While Rule 8017(b) clearly contemplates that a stay may be requested before the notice of appeal to the court of appeals is filed, there is nothing in Rule 8017(b) that prohibits the issuance of a stay after the notice of appeal is filed. This conclusion is consistent with the practice under both Fed.R.Bankr.P. 8005 and Fed.R.App.P. 8(a). Rule 8005 requires that a stay pending appeal be first sought from the bankruptcy court after the filing of an appeal to the district court or to the bankruptcy appellate panel. Similarly, Rule 8(a) requires that a party seek a stay from the district court when appealing the district court's judgment to the court of appeals.

Therefore, the Appellant having previously posted a $300,000.00 supersedeas bond and the Appellee having not challenged the sufficiency of that bond, the motion is **ORDERED GRANTED.** *In re Wymer*, 5 B.R. 802, 806 (9th Cir. BAP 1980).