**In re Ronald Bennett HOEKSTRA, Linda Turney Hoekstra, Debtors.**

**Ronald Hoekstra, et al., Plaintiffs,**

**v.**

**Oak Cluster Community Council, et al., Defendants.**

**Bankruptcy No. 99–12361–SSM. Adversary No. 99–1297.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

July 12, 2000.

Steven B. Ramsdell, Tyler, Bartl, Burke & Gorman, P.L.L.C., Alexandria, VA, counsel for plaintiff.

Jason S. Zarin, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, counsel for defendant United States of America.

William M. Vermette, Rees, Broom & Diaz, P.C., Vienna, VA, counsel for defendant Oak Cluster Community Council.

## MEMORANDUM OPINION AND ORDER

STEPHEN S. MITCHELL, Bankruptcy Judge.

Before the court is the motion filed on June 8, 2000, by the United States of America, one of the two defendants in this adversary proceeding, "for suspension of injunction pending appeal." A hearing was held in open court on July 11, 2000, at which counsel for the debtors and counsel for the United States were present. The debtors do not oppose the stay pending appeal, but object to its extending beyond the date of the District Court decision. For the reasons stated, the court will treat the motion as a motion under Fed. R.Bankr.P. 8005 for a stay pending appeal of this court's judgment entered on May 31, 2000, and will grant relief by staying the judgment, as it affects the Federal tax lien of the United States, pending a ruling by the United States District Court with any future stay to be obtained from the District Court.

*Background and Discussion*

A complete discussion of the factual and procedural background of this action is set forth in the court's memorandum opinion of May 5, 2000, granting the debtor's motion for summary judgment and will not be

906

repeated. Briefly, this is an action to set aside two liens—a Federal tax lien and a homeowners association lien—against the debtors' residence on the ground that there is no equity in the property to which the liens may attach. The defendant homeowners association, although it filed an answer to the complaint, did not oppose the motion for summary judgment and has not filed a notice of appeal from the final judgment entered on May 31, 2000, voiding the two liens. The United States, by contrast, vigorously opposed the summary judgment motion and has filed a timely notice of appeal to the United States District Court.

■ As an initial matter, the court does not believe that Rule 62(c), Fed.R.Civ.P., which the United States has cited as the basis of its motion, applies. Rule 62(c), which is made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7062, permits a court, when "an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction," to "suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." The court's final judgment in this action, however, was neither in form nor substance an injunction. On its face, it neither compelled nor prohibited any action by the United States. It merely decreed that a recorded Federal tax lien existing in favor of the United States was void. Presumably, the recording of this court's judgment among the land records would be sufficient to effect the release of the lien without the need for affirmative action by the United States. Assuming, without deciding, that complete relief would require that the United States actually file a formal release of the lien, such relief, in the court's view, would require

further proceedings to give effect to the judgment.

■ Be that as it may, this court has the power under Fed.R.Bankr.P. 8005 to stay any judgment, injunctive or otherwise, pending appeal. Indeed, failure to obtain a stay pending appeal may be fatal to an appeal under the doctrine of equitable mootness if intervening rights have vested. *Farmers Bank v. Kittay (In re March)*, 988 F.2d 498, 499 (4th Cir.1993). To obtain a stay pending appeal, a party must show (1) that it will likely prevail on the merits of the appeal; (2) that it will suffer irreparable injury if the stay is denied; (3) that other parties will not be substantially harmed by the stay; and (4) that the public interest will be served by granting the stay. *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir.1970); *In re Kent*, 145 B.R. 843 (Bankr.E.D.Va.1991) (applying *Long*). With respect to the requirement that the party appealing show that it will "likely" prevail on the merits of the appeal, this court follows the same approach as that articulated by the Fourth Circuit with respect to preliminary injunctive relief in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir.1977). Obviously, it would be a rare judge who makes a ruling he or she thinks is "likely" to be reversed on appeal. Nevertheless, judges often are required upon to rule on "questions going to the merits so serious, substantial, difficult or doubtful, as to make them fair ground for litigation." *Id.* at 195. In such a situation, the court concludes that primary weight should be given to the balance of hardships. Accordingly, as with a preliminary injunction, if the balance of hardships tips decidedly in favor of the appellant, the appellant need only show some reasonable likelihood of success on the merits.

■ Here the court's ruling involved the ability of a chapter 7 debtor, notwithstand-

ing the Supreme Court's decision in *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), to "strip off" a prepetition lien under 11 U.S.C. § 506(d) based on lack of any equity to which the lien could attach. That issue has divided the lower courts [1] and has never been authoritatively addressed by the Fourth Circuit or by the Supreme Court. This court, in ruling for the debtors, followed the only published opinion of the United States District Court for this district, *Yi v. Citibank (Maryland), N.A. (In re Yi),* 219 B.R. 394 (E.D.Va.1998). While *Yi* is well-reasoned and persuasive, the court nevertheless cannot say that the issue raised is not "so serious, substantial, difficult or doubtful" as to make it a fair subject for appellate argument.

The balance of hardships test is more problematical. The United States conceded in its summary judgment brief that its Federal tax lien, which is subordinate to two valid deeds of trust which far exceed the current value of the property, is not supported by any equity. The tax lien, accordingly, has no present value, since it merely permits the United States to sell the property (subject to paramount encumbrances) to pay the delinquent taxes. It can safely be assumed that no rational purchaser would pay a dime for a house encumbered by deeds of trust which ex-

ceeded the value of the property. The Federal tax lien would become valuable only if the property were to increase in value over time or if the mortgage were to be paid down, or both. It can be argued, therefore, that at least in the short term, the voiding of the Federal tax lien causes no harm to the United States, since at the present time it gives the United States no rights that could actually be exploited.

That said, it is at least possible that, in the absence of a stay, other liens might attach to the property during the pendency of the appeal that would reduce whatever future potential value the Federal tax lien might have. There is no suggestion that the debtors are currently attempting to sell or refinance the property or would be harmed in any substantial way by a stay pending appeal, particularly as appeals to the District Court in this district have historically been promptly decided. Accordingly, the court concludes that the final judgment entered in this adversary proceeding should be stayed, at least as to the United States,[2] during the pendency of the appeal to the District Court. The United States has requested that the stay extend for 60 days following the District Court's decision, since that is the period the United States has under Fed. R.App.P. 4(a)(1)(B) and 6(a) to note an appeal to the Fourth Circuit. While the

---

**1.** Both this court's memorandum opinion and the memorandum of the United States submitted in support of the present motion reflect that there is a division of opinion between this district and the Western District of Virginia based on *Crossroads of Hillsville v. Payne,* 179 B.R. 486 (W.D.Va.1995), which seemed to prohibit a chapter 7 "strip off." However, a very recent published decision out of the Western District, *In re Smith,* 247 B.R. 191 (W.D.Va.2000) disagreed with *Crossroads* and held that a chapter 7 debtor could "strip off" a wholly unsecured judgment lien using § 506(a), Bankruptcy Code. Thus, there is now published District Court authority in both the Western and Eastern Districts of

Virginia supporting "strip off" in the chapter 7 context.

**2.** There is a suggestion at p. 4 of the United States' memorandum that a stay pending appeal should also extend to the lien of the defendant homeowners association. Since the association did not oppose the motion for summary judgment or note a timely appeal, there can hardly be an argument that the association is "likely" to prevail on appeal. For that reason, a stay pending appeal with respect to the voided lien of the homeowners association is not appropriate.

**908**

request seems reasonable, Fed.R.Bankr.P. 8017 clearly vests in the District Court rather than this court the power to grant extensions beyond the 10–day automatic extension provided for by that rule. Any further stay pending an appeal to the Fourth Circuit, beyond the 10–day stay of Rule 8017(a), must therefore be obtained from the District Court.

## ORDER

For the foregoing reasons, it is

**ORDERED:**

1. The motion for stay pending appeal is granted, and the effect of that portion of the final judgment entered by this court on May 31, 2000, voiding the Federal tax liens of the United States of America is stayed pending a ruling by the United States District Court on the appeal taken by the United States of America. Any further request for stay pending appeal must be addressed to the District Court.

2. The clerk will mail a copy of this order to the parties listed below.