**In re AWC LIQUIDATION CORP., Debtor.**

**Iron Mountain Corp., Appellant,**

v.

**AWC Liquidation Corp., Appellee.**

**No. Civ.A. 99–542 GMS.**

United States District Court, D. Delaware.

March 26, 2003.

---

Douglas A. Shactman, Shactman & Assoc., Wilmington, DE, for plaintiff.

Mitchell Eisenberg, Norwalk, CT, pro se.

Joanne B. Willis, Klehr, Harrison, Harvey, Branzburg & Ellers, Laura Davis Jones, Young, Conaway, Stargatt & Taylor, Wilmington, DE, for defendant.

Patricia A. Staiano, for U.S. Trustee

## MEMORANDUM AND ORDER

SLEET, District Judge.

## I. INTRODUCTION

This action arises from a proof of claim filed by Iron Mountain Corporation d/b/a Multiskins ("Multiskins" or "appellant") against the estates of American White Cross, Inc. ("AWC" or "debtor") and others, alleging breach of contract, negligent misrepresentation, and violations of the Connecticut Unfair Trade Practices Act. Upon the debtor's objection to Multiskins' claim, a hearing was held in the United States Bankruptcy Court for the District of Delaware ("bankruptcy court"). In a memorandum opinion dated June 21, 1999, the bankruptcy court disallowed Multiskins' claim in its entirety. On June 30, 1999, Multiskins filed with the bankruptcy court a Notice of Appeal of the June 21, 1999 Memorandum Opinion. This court affirmed the order of the bankruptcy court on October 8, 2002. On October 29, 2002, Multiskins filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit of this court's October 8, 2002 order. Presently before the court is Multiskins' Motion for Stay Pending Appeal (D.I.30), by which the appellant seeks a stay of this court's October 8, 2002 order pending disposition of the appeal. For the reasons that follow, the court will dismiss the motion for lack of jurisdiction.

## II. DISCUSSION

The appellant moves for a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8017.[1] Rule 8017, "Stay pending appeal to the court of appeals," provides in relevant part:

> On motion and notice to the parties to the appeal, the district court or the bankruptcy appellate panel may stay its judgment pending an appeal to the court of appeals. The stay shall not extend beyond 30 days after the entry of the judgment of the district court or the bankruptcy appellate panel unless the

---

1. The appellant initially moved for a stay pursuant to Rule 8005. In its Reply Brief, the movant asked the court to alternatively treat the motion as pursuant to Rule 8017. Because the criteria for determining whether to grant a stay pursuant to Rule 8005 or 8017 are analogous if not identical, and as the jurisdictional defect at issue exists under either Rule, the court treats this distinction as moot for purposes of this order.

period is extended for cause shown. If before the expiration of a stay entered pursuant to this subdivision there is an appeal to the court of appeals by the party who obtained the stay, the stay shall continue until the final disposition by the court of appeals.

FED. R. BANKR. P. 8017(a).

■ Courts are divided as to whether a district court or bankruptcy appellate panel may enter a stay after the movant has filed an appeal to a court of appeals. Of the few published opinions in which courts have considered the question, most have concluded that the district court retains jurisdiction to entertain a motion to stay even after the movant has appealed to a court of appeals. *See In re Miranne*, 852 F.2d 805, 806 (5th Cir.1988) *(per curiam)*; *In re Olick*, 1996 WL 287344 (E.D.Pa. 1996); *City of Olathe v. KAR Development Assocs. (In re KAR Development Assocs.)*, 182 B.R. 870, 872 (D.Kan.1995); *In re Winslow*, 123 B.R. 647, 647–48 n. 1 (D.Colo.1991); *In re Imperial Real Estate Corp.*, 234 B.R. 760 (9th Cir. BAP 1999). In one instance, a court in this district found that it did not retain jurisdiction to consider the motion to stay once an appeal had been filed. *In re One Westminister Co., Inc.*, 74 B.R. 37, 38 (D.Del.1987). For several reasons, and in the absence of Third Circuit authority on the topic, the court concurs with this minority precedent and concludes it has no jurisdiction to hear the present motion to stay.

■ First, as then-Chief Judge Schwartz wrote in *In re One Westminister*, Rule 8017 "plainly contemplates the grant of a stay by the district court or bankruptcy appellate panel only in the period before an appeal is taken to the court of appeals." *In re One Westminister Co.*, 74 B.R. at 38. For example, as noted above, the Rule states: "If before the expiration of a stay . . . there is an appeal to

the court of appeals by the party who obtained the stay, the stay shall continue until final disposition by the court of appeals." In addition, Rule 8017(b) is entitled "Stay pending appeal to the court of appeals," and not "Stay pending disposition of an appeal to the court of appeals." Clearly, the Rule is meant to allow a party to seek a stay of the lower court's ruling pending the *filing* of an appeal. Were it meant to allow a party to seek a stay of the lower court's ruling pending the *disposition* of an appeal which was already filed, the title and language of the Rule would be different. The court will not disregard the plain language of the Rule. *See also* COLLIER ON BANKRUPTCY P8017.02 (Lawrence P. King ed., 15th rev. ed. 1996) ("The district court or appellate panel may only grant the stay if an appeal has not yet been taken.").

Subsection (c) of the Rule 8017 also supports the court's interpretation. It states:

This rule does not limit the power of a court of appeals or any judge thereof to stay proceedings during the pendency of an appeal or to suspend, modify, restore, or grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered.

FED. R. BANKR. P. 8017(c). Thus, the Rule "suggests that the power to stay proceedings once an appeal is taken rests with the appellate court." *In re One Westminister*, 74 B.R. at 38.

Second, the court's interpretation of the Rule prevents redundancy, inefficiency, and confusion. For example, in the present case, the movant filed motions to stay in both the bankruptcy court and this court. A much more efficient approach would have been to file one motion to stay in the court of appeals or, of course, to file a motion to stay in this court prior to filing

a notice of appeal. The court's interpretation thus promotes efficiency and avoids confusion by preventing simultaneous jurisdiction and the risk of redundant or contradictory rulings. *Cf. Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.").

Third, as then-Chief Judge Schwartz also noted, practical considerations compel the court's present conclusion. "[A] [d]istrict [c]ourt cannot properly evaluate a motion for a stay pending appeal in cases such as this, where an appeal has been filed and the full record of the proceedings already transferred from the district court's files to the court of appeals." *In re One Westminister*, 74 B.R. at 38. It is only logical and appropriate that the court in possession of the complete record should decide any substantive motions relying thereupon.

■ Fourth, the court's holding comports with the general principle that a lower court is divested of jurisdiction once an appeal is filed.

It is a fundamental tenet of federal civil procedure that—subject to certain, defined exceptions—the filing of a notice of appeal from the final judgment of a trial court divests the trial court of jurisdiction and confers jurisdiction upon the appellate court. This rule applies with equal force to bankruptcy cases.

*In re Transtexas Gas Corp.*, 303 F.3d 571, 578–79 (5th Cir.2002) (citations omitted) (holding that bankruptcy court had no jurisdiction to entertain motion regarding interest rate because notice of appeal "divested the bankruptcy court of jurisdiction over the case and placed jurisdiction in the appellate court").

The court notes that in other contexts, an application for a stay of the judgment of a district court may be made in the first instance in the district court. *See, e.g., In re Miranne*, 852 F.2d at 806 ("Such a conclusion is consistent with the general principle that an application for a stay of the judgment or order of a district court should ordinarily be made in the first instance in the district court. Fed.R.App.P. 8(a)."); *In re Imperial Real Estate Corp.*, 234 B.R. at 762 ("Rule 8(a) requires that a party seek a stay from the district court when appealing the district court's judgment to the court of appeals."). In numerous other contexts, however, the lower court is divested of jurisdiction once an appeal is filed. *See, e.g., U.S. v. Batka*, 916 F.2d 118, 120 (3d Cir.1990) (holding that district court was without jurisdiction to hear Rule 35 motion for a reduction of sentence after an appeal was filed and noting that such ruling "is in harmony with the general principle that when an appeal is taken the appellate court obtains exclusive jurisdiction over the aspects of the case involved in the appeal."); *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 189–90 (5th Cir.1999) ("A district court loses all jurisdiction over matters brought to the court of appeals upon the filing of a notice of appeal.... 'Once an appeal is taken, the district court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a).'") (citations omitted) (quoting *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1407 n. 3 (5th Cir.1994)). Thus, the court is not persuaded that reference to other bankruptcy and appellate rules alone provides sufficient grounds for finding that jurisdiction exists, particularly because other analogous contexts point to the opposite conclusion.

Finally, the court notes that its holding may cause an inconvenience to the movant.

Although the court is mindful of this effect, it is not sufficient to alter the court's conclusion. *See In re Transtexas Gas Corp.,* 303 F.3d at 580 ("[P]rinciples of flexibility do not permit a bankruptcy court to enter an order addressing a postjudgment motion when the bankruptcy court lacks jurisdiction over the case … simply because prompt disposition of the motion might be desirable from an efficiency standpoint. Such pragmatic concerns cannot 'outweigh' a jurisdictional defect.") Indeed, the court notes that the movant, who filed identical motions to stay in the bankruptcy court and this court, easily could have filed such a motion in the appellate court as well.

### III. CONCLUSION

Given the plain language of Rule 8017, practical considerations, and in the interests of clarity and efficiency, the court finds that it is without jurisdiction to entertain the appellant's motion to stay pending appeal. As an appeal has already been filed with the court of appeals, such a motion is more properly directed to that court.

Thus, for the aforementioned reasons,

IT IS HEREBY ORDERED that:

1. Iron Mountain Corp.'s Motion for Stay Pending Appeal (D.I.30) is DISMISSED WITHOUT PREJUDICE.