In re PEREGRINE SYSTEMS, INC., et al., Debtors.

The Copley Press, Inc., Appellant,

v.

Peregrine Systems, Inc., et al., Appellees.

No. CIV.A. 03–815–KAJ.

Bankruptcy No. 02–12740(JFK).

United States District Court, D. Delaware.

Aug. 12, 2004.

David L. Finger, David L. Finger, Esq., Wilmington, DE, for Appellant.

Laura Davis Jones, Pachulski, Stang, Ziehl, Young Jones, P.C., Kurt F. Gwynne, Reed Smith LLP, Wilmington, DE, for Appellees.

## MEMORANDUM ORDER

JORDAN, District Judge.

Presently before me is a motion (Docket Item ["D.I."] 30; the "Motion") filed by the Appellees, Peregrine Systems, Inc. and its direct wholly-owned subsidiary, Peregrine Remedy, Inc. (collectively "Peregrine") to stay the July 12, 2004 Order (D.I.28) pending Peregrine's appeal to the Third Circuit. Peregrine also seeks clarification of the July 12, 2004 Order. (D.I.30.) The Appellant, Copley Press, Inc. ("Copley"), has filed its opposition. (D.I.36.) On August 9, 2004 Peregrine appealed the July 12, 2004 Order to the United States Court of Appeals for the Third Circuit. (D.I.39.) Peregrine's decision to appeal has deprived me of jurisdiction to order a stay. *See In re AWC Liquidation Corp.*, 292 B.R. 239, 243 (D.Del.2003) (holding that a district court did not retain jurisdiction to consider the motion to stay once an appeal had been filed); *In re One Westminister Co., Inc.*, 74 B.R. 37, 38 (D.Del.1987) (same).[1] Nevertheless, I add a brief clarification of cer-

---

1. The courts are divided as to whether a district court or bankruptcy appellate panel may enter a stay after the movant has filed an appeal to a court of appeals. *Compare In re Miranne*, 852 F.2d 805, 806 (5th Cir.1988); *In re Olick*, No. CIV. A. 96–784, 1996 WL 287344 (E.D.Pa. May 29, 1996); *In re KAR Development Assocs., L.P.*, 182 B.R. 870, 872 (D.Kan.1995); *In re Winslow*, 123 B.R. 647, 647–648 n. 1 (D.Colo.1991); *In re Imperial Real Estate Corp.*, 234 B.R. 760 (9th Cir. BAP1999); with *In re AWC Liquidation Corp.*, 292 B.R. 239 (D.Del.2003), *In re One Westminister*, 74 B.R. 37 (D.Del.1987). As already noted, *supra* at 756, decisions from this District have held that an appeal deprives the court of jurisdiction. Although it is unclear whether Peregrine seeks a stay under Rule 8017 of the Federal Rules of Bankruptcy, or the Federal Rules of Civil and Appellate Procedure, I am persuaded by the thorough analysis in *In re AWC Liquidation Corp.* that the court lacks jurisdiction in either event. Judge Sleet's holding in that case comports with the general principle that a lower court is divested of jurisdiction once an appeal is filed. *See In re Transtexas Gas Corp.*, 303 F.3d 571, 578–579 (5th Cir.2002) ("It is a fundamental tenet of federal civil procedure that—subject to certain, defined exceptions—the filing of a notice of appeal from the final judgment of a trial court divests the trial court of jurisdiction and confers jurisdiction upon the appellate court. This rule applies with equal force to bankruptcy cases.").

The divestiture of the lower court's jurisdiction once an appeal is filed applies in numerous other contexts. *See, e.g., U.S. v. Batka*, 916 F.2d 118, 120 (3d Cir.1990) (holding that district court was without jurisdiction to hear Rule 35 motion for a reduction of sentence after an appeal was filed and noting that such ruling "is in harmony with the general principle that when an appeal is taken the appellate court obtains exclusive jurisdiction over the aspects of the case involved in the appeal."); *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 189–90 (5th Cir.1999) ("A district court loses all jurisdiction over matters brought to the court of appeals upon the filing of a notice of appeal.... 'Once an appeal is taken, the district court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a).'") (citations omitted) (quoting *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d

tain points apparently misapprehended by Peregrine in reviewing the July 12, 2004 Order.

■ Peregrine argues that I should grant its Motion to stay the July 12, 2004 Order pending its appeal to the Third Circuit because all of the elements necessary for such relief have been satisfied.[2] (D.I. 31 at 3, 7–8.) It emphasizes that I "erred in ruling that, once a motion for access is filed, a court loses its inherent authority to strike from the record an improperly filed document that will never be relevant to any decision the court will have to make." (*Id.* at 9.) This is a mis-characterization of the holding of the July 12, 2004 Memorandum Opinion. In that Opinion I held that on the specific facts of this case, where the Committee filed under seal a motion to appoint a trustee, attaching as an exhibit a document that was undisputedly relevant to that motion, it was an abuse of the bankruptcy court's discretion to strike that document from the record as a response to Copley's motion to unseal the document pursuant to the public's right of access. (D.I. 29 at 18–19.) "[O]nce the motion to unseal was made, the bankruptcy court was required to make a determination as to whether any or all of [that document]

should have remained under seal." (*Id.* at 18) (citing *In re Cendant Corp.*, 260 F.3d 183, 197 (3d Cir.2001) ("The discretion that exists [to balance the factors for and against access] . . . must be exercised properly because the issuance of a confidentiality order overriding the common law right of access contemplates an analytical process")).[3]

In arguing for a stay, Peregrine shows a basic misunderstanding of the holding of the July 12, 2004 Memorandum Opinion. For example, Peregrine asserts that if my ruling is followed:

> a court would have to review every pleading and every exhibit to every pleading as soon as it is filed in order to strike an improperly filed document, because once a motion for access is filed, the court will have to undertake a line-by-line analysis of each document to determine whether access should be granted—regardless of whether the document has any relevance to any issue a court will have to decide. . . . This would constitute a gross misuse of judicial resources.

(D.I. 31 at 9.) That assertion is simply divorced from the specifically limited ruling set forth in the July 12 Order. As

1404, 1407 n. 3 (5th Cir.1994)). Whether the motion to stay is filed before or after the filing of an appeal does not affect the conclusion.

**2.** The factors to be considered on a motion to stay are as follows: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Republic of Philippines v. Westinghouse Electric Corp.*, 949 F.2d 653, 658 (3d Cir.1991).

**3.** *See also U.S. v. Dunegan*, 251 F.3d 477, 478 (3d Cir.2001) ("The inherent powers of the federal courts are limited and difficult to de-

fine with precision. Therefore, 'they must be exercised with restraint and discretion' ") (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)); *U.S. v. Shaffer Equipment Co.*, 11 F.3d 450, 461 (4th Cir.1993) ("Because the inherent power is not regulated by Congress or the people and is particularly subject to abuse, it must be exercised with the greatest restraint and caution, and then only to the extent necessary"); *Huntsman–Christensen Corp., v. Entrada Indus., Inc.*, 639 F.Supp. 733, 736 (D.Utah 1986) ("Courts have supervisory powers over their own files and records, and have discretion to seal court documents 'if the public's right of access is outweighed by competing interests.' That discretion is not unlimited, however") (citation omitted).

discussed, at the time Copley filed its motion to unseal the Latham Report, it was still relevant to the appointment of a trustee,[4] and I held that the bankruptcy court should therefore have performed an analysis to determine whether the Report should have remained under seal. I also noted that, subsequent to striking the document, the bankruptcy court vacated the Sealing Order that was in effect and the parties had undertaken the process of reviewing, redacting, and unsealing documents that had been filed pursuant to that Order. (D.I. 29 at 15–16.) Therefore, the implications of Peregrine's argument, i.e., that the July 12, 2004 Memorandum Opinion requires courts to review documents *sua sponte* and that the burden is solely on the courts to determine whether documents filed under a blanket sealing order should remain under seal, are not well founded.

Peregrine further claims that my ruling would "allow litigants to abuse the litigation privilege," arguing that litigants could improperly file documents under seal containing defamatory accusations with impunity, and could then collaborate with the press to get the defamatory statements into the public domain. (D.I. 31 at 10–12.) In support of this assertion, Peregrine cites a case that is currently being litigated in the Southern District of California. (*Id.*) The reference to the California litigation is inapposite. (D.I. 36 at 12–13.) The holding of the July 12, 2004 Memorandum Opinion is limited to the specific context of this case (D.I. 29 at 19), and, in any event, the July 12 Opinion notes the advisability of dealing promptly with those who would abuse the litigation process as Peregrine fears.[5]

Peregrine also complains that the Order requiring the bankruptcy court to place the entire, unredacted Latham Report back in the record is inconsistent with my statement that "[s]triking the Latham Report from the record also may have been proper if the bankruptcy court had simultaneously ordered the Committee to re-file a redacted version, since a redacted version would have addressed both the privacy concerns of the uninvolved third parties and the right of access." (D.I. 29 at 18.) That dicta was intended solely to note that there may be more than one way for a court to respect the public's right of access.

I am acutely aware that many bankruptcy judges from around the country generously give time to alleviate the burden associated with the high number of bankruptcy filings in this district, and so I approach any order that could potentially

---

4. Peregrine argues that I "erred in ruling that a court loses its inherent authority to strike from the record an improperly filed document that will never be relevant to any decision the court will have to make." (D.I. 31 at 9.) This is not what I held. I found that a court has inherent authority, but on the facts of this case, it was an abuse of that authority to strike the Latham Report from the record when it was relevant to the motion to appoint a trustee, when it was subject to a *motion in limine*, and when it was the subject of a motion to unseal. (D.I. 29 at 17–19.) That the Committee and Peregrine resolved their dispute with regard to the appointment of a trustee, which was after the bankruptcy court had already stricken the Latham Report from the record, did not make the Report irrelevant at the time it was filed and the motion to unseal was made.

5. As I noted in the earlier Opinion, any party responsible for such an abuse should be made to bear the costs: "Because the Committee has now been disbanded, it may not be possible to lay at its doorstep the cost associated with its decision to file the full Report. If that is in fact the case, more's the pity, because my decision on this appeal is not intended as a refutation the bankruptcy court's concern that the Committee was not justified in filing the Report in the first instance." (D.I. 29 at 19 fn. 11.)

increase the burden on the bankruptcy judges with genuine trepidation. Nevertheless, for the reasons set forth in the July 12, 2004 Memorandum Opinion, I was and remain persuaded that the decision to strike the Latham Report from the record must be reversed. I repeat, however, that that does not mean the Report should be publicly available. The July 12, 2004 Order called for the Latham Report to be placed back on the docket, under seal, pursuant to the terms of the Sealing Order that was in effect at the time the Report was originally filed, with those seeking to maintain the Report under seal bearing the burden of justifying the continued sealing of the Report or components of it.

## Conclusion

Given the filing of the appeal to the Third Circuit, IT IS HEREBY ORDERED that Peregrine's Motion (D.I.30) is DENIED for lack of jurisdiction.