**Thomas Law WILLCOX, Appellant,**

**v.**

**Rodger STROUP, Director, South Carolina Department of Archive and History; State of South Carolina ex rel. Henry McMaster, Attorney General for the State of South Carolina, John M. Willcox, and Kathryn Willcox Patterson, Appellees.**

**No. CIVA 2:05CV2788 PMD.**

United States District Court,
D. South Carolina,
Charleston Division.

March 13, 2006.

Kenneth C. Krawcheck, Krawcheck and Davidson, Charleston, SC, for Appellant.

James Emory Smith, Jr., Attorney General's Office, John B. Butler, III, John B. Butler, III, PA, Rose Duggan Manos, Nexsen Pruet Jacobs and Pollard, Columbia, SC, for Appellees.

## ORDER

DUFFY, District Judge.

This matter is before the court on Appellees' Motion to Stay this court's judgment pending their appeal to the Fourth Circuit.

This case involves the ownership of 444 Civil War era documents (the "Documents"). These Documents have been in the undisturbed possession of Thomas Willcox's family for over 140 years. When Mr. Willcox attempted to sell the Documents, the State of South Carolina intervened and enjoined him from that sale, claiming that the Documents were properly the property of the State. Mr. Willcox was then obliged to declare bankruptcy. The Bankruptcy Court found that the Documents were not a part of Mr. Willcox's estate and that they were the property of the State.

Mr. Willcox appealed the Bankruptcy Court's decision to this court. On January 12, 2006, the court reversed the Bankruptcy Court's decision, and found that the Documents are the property of Thomas Willcox, the Appellant. On January 30, 2006, Appellees filed their notice of appeal to the Fourth Circuit. On February 1, 2006, Appellees filed a motion to stay this court's judgment pending appeal.

■ There is conflicting authority on whether the district court retains jurisdiction to consider a motion for stay pending appeal filed after the movant files its notice of appeal to the Court of Appeals. *Compare In re One Westminister Co.*, 74 B.R. 37, 38 (D.Del.1987) (no jurisdiction to consider motion) *with Miranne v. First Fin. Bank (In re Miranne)*, 852 F.2d 805, 806 (5th Cir.1988) (holding that district court has jurisdiction to consider motion). The majority of courts that have addressed this issue have held that jurisdiction exists despite the fact that a notice of appeal has been filed. *See, e.g., In re Fross*, 258 B.R. 26 (10th Cir. BAP 2001); *In re Imperial Real Estate Corp.*, 234 B.R. 760 (9th Cir. BAP 1999); *In re Winslow*, 123 B.R. 647, 647 –648 (D.Colo.1991). Accordingly, the court finds that it has jurisdiction and accordingly may consider this motion for stay pending appeal.

Bankruptcy Rule 8017 governs stays pending appeal of district court or bankruptcy appellate panel judgments in bankruptcy cases. Such judgments are automatically stayed for ten days after their entry unless the district court or bankruptcy appellate panel orders otherwise. *See* Fed.R.Bankr.P. 8017(a). This rule also provides:

> On motion and notice to the parties to the appeal, the district court or the bankruptcy appellate panel may stay its judgment pending an appeal to the court of appeals. The stay shall not extend beyond 30 days after the entry of the judgment of the district court or the bankruptcy appellate panel unless the period is extended for cause shown. If before the expiration of a stay entered pursuant to this subdivision there is an appeal to the court of appeals by the party who obtained the stay, the stay shall continue until final disposition by the court of appeals.

Fed.R.Bankr.P. 8017(b).

■ In the few published cases in which a party has moved for a stay under Bankruptcy Rule 8017, courts have followed the same standards applicable under Bankruptcy Rule 8005. Under these cases, in determining whether a stay under Rule 8017(b) is justified, the court should consider " '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent the stay, (3) whether issuance of the

stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Brodsky v. Local 282, Int'l Bhd. of Teamsters (In re Marine Pollution Serv.),* 89 B.R. 344, 345 (S.D.N.Y.1988) (citation omitted); *see also Corporacion de Servicios Medicos Hospitalarios de Fajardo v. Izquierdo Mora (In re Corporacion de Servicios Medicos Hospitalarios de Fajardo),* 60 B.R. 935, 936 (D.P.R.1986).

▮▮▮ Upon considering all of these factors, the court finds that a stay of judgment is appropriate in this case. First, to justify the granting of a stay, the movant need not always establish a high or mathematical probability of success on the merits.[1] As long as balance of hardships tips decidedly in favor of movant, the movant need only show some reasonable likelihood of success on merits by demonstrating that issues raised are so serious, substantial, difficult or doubtful as to make them fair subject for appellate argument. *In re Hoekstra,* 268 B.R. 904 (Bkrtcy.E.D.Va. 2000). In this case, given the amount of historical fact-finding and the complexity of the legal arguments, the court cannot say that Appellee is unlikely to succeed upon appeal. This finding in no way implies that the court doubts the correctness of its order; however, the court must admit that this case presents serious, substantial and difficult issues of first impression that are a "fair subject for appellate argument." *Id.*

Second, if it is determined that the Documents are rightly the property of the State of South Carolina, the State would be irreparably injured if they were sold during the pendency of this appeal. The Documents are unique documents of great historical value for which money damages alone would not sufficiently compensate Appellees. Third, the court finds that Mr. Willcox will not be irreparably harmed by the issuance of a stay: his attorney will continue to preserve the documents in a safe and climate-controlled environment. Certainly, Mr. Willcox will be inconvenienced by his inability to satisfy his creditors through the prompt sale of the Documents, but, at this point, the interests of Appellees outweighs this interest. Finally, the public interest will be better served by granting this stay. As the court has already mentioned, the Documents are unique and have a historical importance which the people of South Carolina have an undeniable interest in preserving. Accordingly, it is in the public interest to preserve the Documents in their entirety until such time as the proper owner is determinatively established. The court therefore finds that Appellees have presented sufficient evidence that a stay during the pendency of the appeal is appropriate.

▮▮▮ Mr. Willcox also objects to a stay on the ground that Appellees have not posted a supersedeas bond. Federal Rule of Bankruptcy Procedure 8017(b) governs whether an appellee is required to post a bond during a stay pending appeal. It provides that—

> A bond or other security may be required as a condition to the grant or continuation of a stay of the judgment. A bond or other security may be required if a trustee obtains a stay but a bond or security shall not be required if a stay is obtained by the United States or an officer or agency thereof or at the direction of any department of the Government of the United States.

---

1. In fact, if this were the standard, it would be unlikely that a District Court would ever find that there is a certainty that the appeal would be successful, since such a finding implies that the District Court erred. *See* Am. Jur. Appellate § 470.

Fed. R. Bank. P. 8017(b). Under this rule, the court has discretion to stay a judgment pending appeal without a supersedeas bond. The primary duty of the court in considering the appropriateness of requiring a bond is to " 'preserve the status quo while protecting the non-appealing party's rights pending appeal.' " *Connecticut General Life Ins. Co. v. Riner*, 2005 WL 151933, *1 (W.D.Va.2005) (quoting *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir.1979)).

While in most cases a bond will be necessary to protect the non-appealing party's rights, this is a case where that is not necessary. As discussed above, Mr. Willcox will not be harmed by the granting of a stay. His attorney will maintain possession of the Documents through the pendency of the appeal and, if Mr. Willcox prevails, the Documents will be there for him to dispose of as he deems appropriate. The court therefore finds that the posting of a supersedeas bond is not necessary to protect the interests of the non-appealing party.

For the foregoing reasons, it is hereby **ORDERED** that Appellees' Motion for Stay Pending Appeal is **GRANTED**. Appellant is **ORDERED** to maintain and preserve the subject Documents until such time as either the appeal is final or the Appellate Court rules otherwise.

**AND IT IS SO ORDERED.**